# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Chavez and Maria Elena Chavez, | No. CV 01-245-TUC-FRZ (JM) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION ON MOTION TO DISMISS** |
| United States of America, et. al, | |
| Defendants. | |

Pending before the Court is Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction or In the Alternative for Judgement on the Pleadings [Doc. 126]. For the reasons explained below, the Magistrate Judge recommends that the District Court, after independent review of the record, grant Defendant's motion.

## I. Factual Allegations

In the amended complaint ("FAC"), Plaintiffs Jose and Maria Chavez, who are of Hispanic descent, allege that they own and operate a small shuttle service, known as "Chavez Shuttle." FAC ¶ 6. The Chavez Shuttle began operations in the Fall of 1995 and shuttled customers between Sasabe and Tucson, Arizona. FAC ¶¶ 9-12. Plaintiffs allege that since its inception, the shuttle van has been stopped by roving Border Patrol agents on almost a daily basis. FAC ¶ 29. Plaintiffs describe a typical stop being initiated by agents activating their emergency lights, pulling the van over and opening the doors without the consent of the driver. FAC ¶ 30. The agents, before identifying themselves or presenting identification, then question the shuttle's passengers, a process that can last from 5 to 30 minutes. *Id*. As is relevant to the instant motion, Plaintiffs contend that the actions of the Border Patrol and

its agents violate the Fourth Amendment and entitle them to damages and injunctive relief. FAC ¶¶ 139-146.

## III. Legal Standards

### A. Motion to Dismiss Standard

Federal courts may adjudicate only actual cases or controversies. U.S. Const. Art. III, sec. 2. Absent a true case or controversy, a court is without subject matter jurisdiction over the matter and Rule 12(b)(1) provides its dismissal. Fed.R.Civ.P. 12(b)(1). Under Rule 12(b)(1), subject matter jurisdiction can be challenged in two different ways. Facial attacks are available where the complaint fails to allege the grounds for federal subject matter jurisdiction. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Alternatively, factual attacks or "speaking motions" can be used to attack subject matter jurisdiction based on extrinsic evidence not contained in the pleadings. *Valdez v. United States*, 837 F.Supp. 1065, 1067, *aff'd* 56 F.3d 1177 (9th Cir. 1995); Schwarzer, Tashima, Wagstaffe, *Federal Civil Procedure Before Trial* § 9:78, at 9-22 (2010). The court may weigh the evidence and determine the facts to evaluate its ability to hear the case. "[T]he existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

### B. Motion for Judgment on the Pleadings Standard

The standard applied on a Rule 12(c) motion for judgment on the pleadings is essentially the same as that applied to Rule 12(b)(6) motions. Judgment on the pleadings is appropriate when, even if all material facts in the complaint are true, the moving party is entitled to judgment as a matter of law. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). However, all inferences reasonably drawn from the facts alleged in the complaint must be construed against the moving party. *Id.*

## IV. Discussion

Defendant United States of America contends that the Plaintiffs' claim for prospective injunctive relief should be dismissed because Plaintiffs are unable to show that they are in danger of suffering a real and immediate injury unless the requested relief is granted. At the Ninth Circuit, the court expressly found that the Plaintiffs' allegations were sufficient in this regard, finding that "the gravamen of the complaint is an allegation that the roving patrols have caused injury on numerous occasions and will continue to do so . . . ." *Chavez v. United States of America*, No. 05-15458 (9th Cir. March 27, 2007). Nevertheless, the United States contends that this is no longer the case because their shuttle has not been stopped since 2001, and based on the observations of Border Patrol agents, they are no longer in business. As such, the United States contend that any injury they allege is "conjectural and hypothetical." Further, the United States argues that reopening the business is not financially feasible due to the decrease in potential customers. Finally, the reorganization of Border Patrol and the increase in training and funding "makes it even less likely that the Tucson Station's policies and practices in 2009 run afoul of Fourth Amendment law . . . ."

In response, Plaintiffs argue that standing is determined at the outset of litigation and, as such, even if the factors the United States raises were relevant to the availability of injunctive relief, "such changes could have absolutely no bearing on whether standing existed at the time the action was initiated." Next, they allege that any cessation in the complained of practices came as a result of the filing of this case and not, as the United States claims, as a result of any change in funding, structure, or policy of the Border Patrol. As to whether they intend to return to business, Plaintiffs contend that they indeed intend to do so and that the United States' analysis of the financial viability of such a move is flawed because the numbers of persons coming into the United States through Sasabe might increase if transportation were available.

Article III standing requires that a party advance an actual case or controversy to invoke the jurisdiction of the federal courts. U.S. Const. Art. III, § 2, cl. 1. *Flast v. Cohen*,

3

392 U.S. 83, 94 (1968) ("[T]he judicial power of the federal courts is constitutionally restricted to 'cases' and 'controversies.'"). In cases where plaintiffs seek injunctive relief, the Supreme Court has indicated that standing requires a "credible threat" of recurring injury. *Kolnender v. Lawson*, 461 U.S. 352, n. 3 (1983); *Los Angeles v. Lyons*, 461 U.S. 95 (1983). To state a claim for equitable relief, in addition to establishing the inadequacy of remedies at law, a plaintiff must establish "the likelihood of substantial and immediate irreparable injury." *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974). This requirement "cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again." *Lyons*, 461 U.S. at 111. Where it is speculative that the plaintiff will be wronged again, and there is not a sufficient likelihood that the wrong will be similar, *Lyons* requires "a finding that this prerequisite of equitable relief has not been fulfilled." *Id.*

There is no dispute in the instant case that Plaintiffs have ceased the operation of the Chavez Shuttle. Thus, the pivotal question in the Court's evaluation is whether Plaintiffs' stated intentions of reviving the shuttle service and going back into business is sufficient to support a finding that they are subject to a real and immediate threat that they will be wronged again in a manner similar to that alleged in their complaint. Given the circumstances, the Court finds that they cannot. The undisputed facts show that Plaintiffs are not conducting business and a string of contingencies would need to be satisfied before Plaintiffs would be susceptible to future injury. To suffer similar injury, the Plaintiffs here would need to re-establish their business, begin shuttling passengers in the same area, would have to be stopped by Border Patrol, and that stop would have to be unsupported under the Fourth Amendment. That scenario requires contingencies that are not immediate enough to support a claim for injunctive relief. Simply put, because Plaintiffs no longer operate the shuttle, their claim for injunctive relief is no longer supported by a credible threat of immediate injury.

Plaintiffs contend that even if this is the case based on the current facts, standing is evaluated based on the facts as they existed at the time they filed their complaint. This is

4

generally true, but the Ninth Circuit has stated that, "[w]hile standing is determined on the facts as they existed at the time the complaint was filed, a case becomes moot-and, hence, non-justiciable- if the requisite personal interest captured by the standing doctrine ceases to exist at any point during the litigation." *Jacobs v. Clark County School Dist.*, 526 F.3d 419, 425 (9th Cir. 2008). (citations and internal quotation marks omitted). Where events have occurred that prevent a court from granting effective relief, a claim must be dismissed for lack of jurisdiction. *See GTE Cal. Inc. V. FCC*, 39 F.3d 940, 945 (9th Cir. 1994).

As discussed above, over the long course of this case, events have occurred that would render the issuance of an injunction a nullity as Plaintiffs are no longer in business and, therefore, are no longer subject to the type of harassment alleged in their complaint. Without an ongoing business, Plaintiff do not have a stake in the injunction they originally sought and, therefore cannot satisfy the redressibility requirement of constitutional standing in relation to that specific claim.

**V.     Recommendation**

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an Order **granting** Defendant United States of America's Motion to Dismiss [Doc. No. 126].

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 01-245-TUC-FRZ**. Failure to timely file objections to any factual or legal determination of the Magistrate

Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 8th day of June, 2010.

*Jacqueline Marshall*
Jacqueline Marshall
United States Magistrate Judge