**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Jose and Maria Chavez,

Plaintiffs,

vs.

Mark Rios,
Andrew Scharnweber
and Michael Demik,

Defendants.

CV 01-245-TUC-FRZ (JR)

**REPORT AND RECOMMENDATION**

This matter was referred to Magistrate Judge Rateau for pretrial matters. (Docs. 64. 96, 98).[1] Pending before the Court is a Motion to Amend Answer filed by the above

[1] A magistrate judge is empowered to hear and determine certain "nondispositive" pretrial motions. 28 U.S.C. § 636 (b)(1)(A). The Ninth Circuit has not directly addressed whether a motion to amend an answer to add an affirmative defense is "dispositive" or "nondispositive." Thus, this Court will rule on the motion by report and recommendation to the District Court.

named Defendants. (Doc. 232).[2] For reasons that follow, the Magistrate Judge recommends that the District Court GRANT the motion.

## I. Procedural History

The complex and lengthy procedural history of this case is partially set forth in the District Court's Order of September 30, 2008:

> Plaintiffs initiated this case on May 25, 2001. Their First Amended Complaint ("Complaint") was filed on January 7, 2002. The Complaint named as defendants the United States of America, the United States Immigration and Naturalization Service Commissioner James Ziglar, United States Border Patrol Sector Chief David Aguilar, and fifteen current and former Border Patrol agents. The Complaint alleges: (1) assault; (2) battery; (3) false imprisonment/false arrest; (4) intentional infliction of emotional distress; (5) negligence; and (6) constitutional violations (monetary, declaratory, and injunctive relief). *Id*. Defendants filed motions to dismiss or in the alternative motions for summary judgment seeking to dismiss the entire case. At the same time Plaintiffs filed their responsive briefs opposing dismissal, Plaintiffs filed their Rule 56(f) motion seeking deferment of any ruling on the alternative motion for summary judgment as Plaintiffs had not had any opportunity whatsoever to conduct discovery. In 2002, the Honorable David C. Bury (who presided over the case at the time) ordered nearly all of the substantive claims dismissed whereby only a minor property damage claim remained of the case. As the motion to dismiss was granted, the Rule 56(f) motion was denied as moot as well as the alternative motion for summary judgment. Subsequently, Judge Bury recused himself from the case, the case was reassigned to Magistrate Judge Marshall, and the parties proceeded to a bench trial before Magistrate Judge Marshall in 2005 whereby she found in favor of Plaintiffs in the amount of approximately $3700. Thereafter, Plaintiffs appealed Judge Bury's previous dismissal order. On March 27, 2007, the Ninth Circuit issued an order affirming in part, reversing in part, and remanding for further proceedings. *See Chavez v. U.S.*, 226 Fed.Appx. 732 (9th Cir. 2007). As relevant to the current state of the remanded case, the Ninth Circuit reversed the dismissal

---

[2] Defendant Ralph Hunt is represented by another attorney; he did not join in the present motion.

> of Plaintiffs' *Bivens* claims as to Agents Rios, Demik, Scharnweber, Hunt, Obregon, Chavez, Campbell, Ziglar and Aguilar, and reinstated Plaintiffs' claims for equitable relief under the Fourth Amendment. As the Ninth Circuit found that the dismissal of these claims pursuant to Rule 12(b)(6) for failure to state a claim was erroneous, the Ninth Circuit also found that the previous denial of the Rule 56(f) motion and motion for summary judgment as moot was also error. Thus, the Ninth Circuit remanded the case to properly address these motions.

(Doc 118).

After remand to the district court, the following transpired:

> After the Ninth Circuit reinstated plaintiffs' *Bivens* claims against the supervisory defendants, the Supreme Court decided *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In light of *Iqbal*, the supervisory defendants filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The district court denied the motion, finding that the supervisory defendants failed to provide a plausible nondiscriminatory explanation for the alleged stops. Moreover, the district court held that plaintiffs did not need to allege that the supervisory defendants directly participated in constitutional violations. Instead, citing *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991), the district court held that the plaintiffs had plausibly alleged that the supervisory defendants had either knowingly refused to terminate a series of acts they reasonably should have known would cause constitutional violations, acquiesced in constitutional deprivations by subordinates, or displayed reckless or callous indifference to others' rights.

*Chavez v. United States*, 683 F.3d 1102, 1107-1108 (9th Cir. 2012).

The supervisory defendants appealed that decision and on June 20, 2012, the Ninth Circuit found that the claims against all of the supervisory defendants (except as to Defendant Hunt) should be dismissed. The court reasoned that even if the Plaintiffs sufficiently alleged that the border patrol agents conducted the stops without reasonable

suspicion, they did not allege sufficient facts to support the additional requirement that a reasonable supervisor would have found their conduct to be clearly unlawful. *Id.* at 1111.

The mandate in the second *Chavez* decision was issued on August 15, 2012. Doc. 195). Following this decision the remaining Defendants are Scharnweber, Rios, Demik and Hunt. Remaining against these Defendants are *Bivens* claims alleging that the individual Defendants violated Plaintiff's Fourth Amendment rights under the Constitution.[3]

After numerous extensions, necessitated in part by the illness and death of Plaintiffs' counsel (Docs. 205, 209, 214), the Court set a discovery deadline as to all Defendants of July 29, 2013, and a dispositive motion deadline of September 1, 2013. (Docs. 205, 209, 214). Discovery was completed as directed and Motions for Summary Judgment were timely filed by all Defendants (Docs 235, 238).[4]

**II.   Present Motion to Amend Answer**

On August 30, 2013, over 12 years after the Plaintiffs filed their lawsuit, Defendants Scharnweber, Rios and Demik filed a Motion to Amend Answer. (Doc. 232).

---

[3] Under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 395-96 (1971), a federal court may award damages against federal officials in order to compensate a person for a violation of their constitutional rights.

[4] Defendants' Motions for Summary Judgment which were filed on September 1, 2013 (Docs. 235, 238) are not yet ready to rule. A response was filed by the Plaintiffs on October 2, 2013. (Doc. 247). However, Defendants filed a motion stay the filing of a reply until the lapse of government funding was resolved. (Docs. 250, 251). The court granted a continuance stating that "[f]or purposes of the Defendants' Reply deadline, the Plaintiffs' Response shall be deemed filed on the first full business day after funding to the Government has been restored." (Doc. 251).

Defendants seek to make the following substantive change to their Answer: "To the extent that the complaint seeks damages from the individual defendants in their individual capacities, some or all of the claims are barred by the applicable statute of limitations." (Doc. 232-1).

Plaintiffs filed a response on September 13, 2013, arguing that the defense has had multiple opportunities over the years to raise the defense but has failed to do so. (Doc. 240). Defendants filed a reply on September 23, 2013, asserting that up until the defense conducted Plaintiffs' depositions, it was unable to ascertain the dates of the alleged conduct and formulate the proposed affirmative defense. (Doc. 243).

## III. Discussion

In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense including the statute of limitations. Fed.R.Civ.P. 8(c). Under rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). There is a presumption under Rule 15(a) in favor of granting leave to amend. *C.F. ex rel. Farnan v. Capistrano Unified School Dist.*, 654 F.3d 975, 985 (9th Cir. 2011). A court may exercise its discretion to deny leave to amend when there is "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Froman v. Davis*, 371 U.S. 178, 182 (1962).

**A. Undue Delay, Bad Faith or Dilatory Motive or the Part of the Relevant Defendants**

Here, there is no showing of bad faith on the part of the defense. Presumably over the course of 12 years, just as the case has been handled by different plaintiffs' attorneys and different judges, the case has also been handled by various defense attorneys at the United States Department of Justice. Likely, the last assigned defense attorney had an epiphany and realized that a statute of limitations defense should have been alleged and as to two of the Defendants, might have disposed of the case. The Court finds that this is not the type of behavior that would warrant a finding of bad faith. *Cf. Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987) (district court specifically found that plaintiff was acting in bad faith by seeking to add a defendant in order to destroy diversity jurisdiction).

What is apparent from the history of this case is that the defense knew or should have known *long* ago that the defense was available. On May 25, 2001 Plaintiffs filed their original complaint naming Rios, Scharnweber and Demik (Doc. 1).[5] Defendants are sued "in their official and individual capacities." (*Id.*, Line 24). The first allegation states, "[t]his is an action for money damages . . . on behalf of Plaintiffs, alleging that Defendant Federal officers violated Plaintiffs' constitutional right to be secure from unreasonable searches and seizures . . . ." (*Id.*, ¶ 1). Plaintiffs allege that Defendants

---

[5] By Amended Complaint filed on January 7, 2002, Plaintiffs corrected the names of at least two of the Defendants.

committed these violations beginning in 1995 (when Plaintiffs purchased their van) up until 2001 (when Plaintiffs filed their complaint). (*Id*., ¶¶ 7, 8, 12). Within the time frame of 1995 to 2001, Plaintiffs allege two specific dates: March 6, 2001, when Demik stopped the van (*Id*., ¶ 37); and January 5, 1999, when Scharnweber stopped the van (*Id*., ¶¶ 49-59). In its answer, the defense denied the allegation against Demik (Doc. 121, ¶ 36.) and admitted that on January 5, 1999, Agent Scharnweber stopped the van as it travelled on route 86. (*Id.*). Clearly, from the allegations in the complaint, the defense had ample notice of the dates that would trigger a statute of limitations defense by Demik and Scharnweber.

As to Rios, the defense claims it could not have alleged the defense because Plaintiffs' complaint did not provide the specific date of the encounter and only made reference to it as "one stop" (Doc. 1, Complaint p. 6, p 36). This issue was previously decided against the defense in *Chavez v. United States*, 26 Fed.Appx. 732 (9th Cir. 2007), where the Court stated:

> We disagree, however, with the district court's finding that the Chavezes have failed to satisfy the notice pleading requirement with respect to the remaining defendants. First, the Chavezes bring claims against Agents Rios, Demek, and Scharnweber. Unlike the vague and conclusory allegations regarding the eight defendants discussed *supra*, the complaint alleges that Rios, Demek, and Scharnweber each stopped the shuttle on a specific occasion. Those allegations, coupled with the allegation that "[i]ndividual Defendants['] stops, detentions, and intrusive searches of Plaintiffs' shuttle lacked consent, probable cause, and reasonable suspicion, and warrants," are sufficient to provide notice of the claims against Agents Rios, Demek, and Scharnweber.

*Chavez*, 26 Fed.Appx. at 736.

Despite what the Ninth Circuit said in that opinion, which was decided on March 27, 2007, the defense nonetheless claims that it first learned the date of the stop when it conducted Plaintiffs deposition on May 3, 2013. This argument is disingenuous at best. The Border Patrol report that references the date of the stop (which actually occurred four days earlier) was in the possession of or could have easily been obtained by the defense from its own clients soon after the Plaintiffs filed their original complaint on May 25, 2001. The report was created by an agent who accompanied Rios when the stop occurred and was signed by him on September 8, 1997 at 10:00 p.m. The synopsis reads:

> On 9/4/97, Agent M. Rios and I, while observing traffic on Highway 286, saw the Chavez Shuttle pass us at MP 10. The Chavez Shuttle has yielded undocumented aliens on numerous prior occasions. Typically the aliens cross the border using the Monument Trail east of the POE in Sasabe and wait for the shuttle at or near the El Recreo building which is abandoned. We initiated an immigration stop on the vehicle just north of MP 10 and discovered two undocumented aliens on board. The aliens were immediately arrested and the shuttle released. The driver and owner of the shuttle, Jose A. Chavez, was given a warning by Agent Rios that if he continued to transport illegal aliens that his vehicle would be seized.

Motion to Amend Answer (Doc. 232), Ex B.

There was no impediment to the defense ascertaining the full scope of the Plaintiffs' lawsuit against these Defendants. The Court finds that the delay in alleging the defense was uncalled for and dilatory on the part of the Defendants and their attorneys. However, the Ninth Circuit has held that delay alone is not sufficient to justify the denial of a motion to amend. *DCD Programs, Ltd. V. Heighton*, 833 F2d. 183, 188 (9th Cir. 1987).

**B. Futility of Amendment**

A court may deny a motion for leave to amend if the amendment appears to be futile or legally insufficient. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986). A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

According to the defense, Plaintiffs' allegedly harmful encounter with Defendant Rios occurred on September 8, 1997, and with Defendant Scharnweber on January 5, 1999. Plaintiffs filed their lawsuit in May of 2001 and amended it in January of 2002. Citing *Persnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008), for the proposition that Arizona's a two-year statute of limitations applies to *Bivens* actions, the defense argues that the action was filed outside of the two year statute of limitations period. If the defense is correct, then the lawsuit against two of the Defendants (Rios and Scharnweber) is subject to dismissal as untimely. Amending their answer to include a colorable and potentially dispositive defense cannot be characterized as "futile."

**C. Undue Prejudice to the Plaintiffs**

The party opposing amendment bears the burden of showing prejudice. *DCD Programs, Ltd. V. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). A party does not establish prejudice simply because a timely assertion of an affirmative defense would have been dispositive had it been asserted at the outset of the suit. *C.F. ex rel. Farnan v. Capistrano Unified School Dist.*, 654 F.3d 975, 985 (9th Cir. 2011). In fact, the Ninth Circuit has

repeatedly held that absent prejudice to the plaintiff, a defendant may raise an affirmative defense in a motion for summary judgment for the first time. *Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir.1984).[6] *See also Golt v. City of Los Angeles*, 214 Fed. Appx. 704, 706 (9th Cir. 2006) (defendants waived defense of statute of limitations by failing to raise it in the district court "sufficiently for the trial court to rule on it"; and *Perry v. O'Donnell*, 749 F.2d 1346, 1353 (9th Cir. 1984) (defendants waived statute of limitations defense by never raising it in the district court and raising it for the first time on appeal).

The need to reopen discovery and therefore delay the proceedings may support a district court's finding of prejudice from a delayed motion to amend the complaint. *Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1138-39 (9th Cir.1998). In *Solomon*, the Ninth Circuit affirmed the district court's conclusion that permitting the plaintiff to file an amended complaint on the eve of the discovery deadline would cause undue delay and prejudice to the defendants. *Id.* In that case, however, the court found that the district court's decision to deny the motion to amend was also grounded upon a finding that the plaintiff wished to add a claim that "would not benefit [him]" and was subject to dismissal. *Id.*

---

[6] Thus, under Ninth Circuit law, the defense did need to file the present motion to amend; their motion for summary judgment sufficed to raise the defense. However, given that the attorneys for the defense practice in Washington D.C. where Rule 8 is construed differently, they apparently opted to play it safe and file a motion to amend. *See Harris v. Secretary, U.S. Dept. of Veterans Affairs*, 126 F.3d 339, 343 (D.C. Cir. 1997) (generally, a party's failure to plead an affirmative defense results in a waiver of the defense and its exclusion from the case.)

Here, the defense argues that their proposed amendment is not frivolous. As previously noted, the Court agrees. Defendants also argue that Plaintiffs would not be prejudiced because depositions have already been conducted. (Defendant Rios was deposed on May 2, 2013 and Defendant Scharnweber on May, 31 2013. Likely all other necessary witnesses have been deposed as well.) Plaintiffs counter that none of the witnesses that have been deposed were asked questions relevant to the newly proposed statute of limitations defense. As the dates of the relevant stops have already been ascertained, further depositions would not likely be needed. But, if necessary, any prejudice suffered by the Plaintiffs in having to conduct additional discovery can be minimized by reopening the July 29, 2013 discovery deadline and giving the parties additional time to explore and respond to the newly added defense. *See Estes v. Ky. Utils. Co.*, 636 F.2d 1131, 1134 (6th Cir. 1980) ("The scope of the district court's discretion in this area is broad, and in a proper case conditions may be imposed on the party seeking the amendment; for example, costs of preparing for litigation could be imposed on the party who asserts a valid, but untimely, dispositive affirmative defense."); and *Dussouy v. Gulf Coast Inv., Corp*, 660 F.2d 594, 603-04 (5th Cir. 1981) (trial court can avoid such prejudice by taxing the costs of the repeated discovery proceedings against the movant.)

Given the liberal language of Rule 15, the manner in which our appellate court has interpreted the rule, and the fact that the case is now once again at the trial court level thereby giving the district court the ability to rule on the present motion, this Court finds

that Plaintiffs have not carried their burden of proving that they would be substantially prejudiced in allowing the amendment.

**IV. Recommendation for Disposition by the District Judge**

Based on the foregoing and pursuant to 28 U.S.C. § 636(b) and Local Rule Civil 72.1, Rules of Practice of the United States District Court, District of Arizona, the Magistrate Judge recommends that the District Court, after an independent review of the record, **GRANT** Defendants' Motion to Amend (Doc. 232).

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment in the case.

The parties have fourteen (14) days from the date of service of a copy of this report and recommendation to file specific written objections with the District Court. See 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure.

Thereafter, the parties have ten (10) days within which to file a response to the objections. Replies are not permitted without leave of court.

If any objections are filed, this action should be designated case number: **CV 01-245-TUC-FRZ**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to de novo

consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 1st day of November, 2013.

Jacqueline M. Rateau
United States Magistrate Judge